SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREG S. LABATE, Cal. Bar No. 149918
glabate@sheppardmullin.com
KEVIN P. JACKSON, Cal. Bar No. 278169
kjackson@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ERICA HART, individually and on behalf of all other similarly situated and on behalf of the general public,

Plaintiffs,

v.

MOVEMENT MORTGAGE, LLC, a Delaware Limited Liability Corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**DEFENDANT MOVEMENT MORTGAGE, LLC'S NOTICE OF REMOVAL**

[Orange County Superior Court Case No. 30-2014-00718908]

Complaint Filed: April 25, 2014

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Movement Mortgage, LLC ("Movement"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff Erica Hart's ("Plaintiff") lawsuit pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claims arise in part from the laws of the United States. Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1. On or about April 25, 2014, Plaintiff filed a Complaint against Movement in the Superior Court of the State of California, County of Orange, Case No. 30-2014-00718908- CU-OE-CXC (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit "A."** A true and correct copy of the Summons is attached hereto as **Exhibit "B."**

## TIMELINESS OF REMOVAL

2. Plaintiff served Movement with a copy of the Complaint on June 24, 2014. See **Exhibit "B"**.

3. On or about July 16, 2014, Defendant filed an Answer to the Complaint in state court. A true and correct copy of the Answer is attached hereto as **Exhibit "C."**

4. On or about July 21, 2014, Plaintiff and Defendant filed a Joint Stipulation to Permit Filing of First Amended Complaint ("Stipulation"). A true and correct copy of the Stipulation is attached hereto as **Exhibit "D."** On or about July

23, 2014, the Orange County Superior Court signed an Order permitting the filing of the FAC. A true and correct copy of the Order is attached hereto as **Exhibit "E."**

5. On or about July 24, 2014, the Court permitted the filing of the First Amended Complaint ("FAC"). A true and correct copy of the FAC is attached hereto as **Exhibit "F."** Defendant filed an Answer to the FAC in state court. A true and correct copy of Defendant's Answer to the FAC is attached hereto as **Exhibit "G."**

6. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by Movement of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**THIS COURT HAS FEDERAL QUESTION JURISDICTION 28 U.S.C. § 1331**

7. This Court also has original jurisdiction over this case because federal question jurisdiction exists under 28 U.S.C. §§ 1331, in that Plaintiff has asserted claims "arising under the . . . laws of the United States." In particular, Plaintiff's first cause of action is for a collective action pursuant to the Fair Labor Standards Act ("FLSA)" 28 U.S.C. §201, et seq., predicated upon alleged violations of the FLSA. (See FAC ¶¶ 16-18, 29-35). Since Plaintiff's claims arise in part from the laws of the United States, this Court has original jurisdiction over this action.

8. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law causes of action, which authorizes supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that [a plaintiff] would

ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988) (citations and quotations omitted; alteration in original). Plaintiff's FLSA and California wage and hour claims clearly derive from a common nucleus of operative fact as they both allege that Movement failed to properly compensate Plaintiff and the proposed class members. (See FAC, ¶¶ 17, 24).

**VENUE**

9. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought within a county encompassed by the Central District of California—the Superior Court of the State of California, County of Orange—and Plaintiff purports to represent class members in California and in Orange County. (See FAC ¶ 6).

**NOTICE OF REMOVAL**

10. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Orange.

11. In compliance with 28 U.S.C. § 1446(a), attached are copies of the state-court papers served herein – the original Complaint that was served on Movement (Exhibit A), the Summons (Exhibit B), Movement's Answer (Exhibit C), the parties' Joint Stipulation to Permit Filing of the FAC (Exhibit D), the court's Order granting the parties' joint request to permit filing of the FAC (Exhibit E), the FAC (Exhibit F), and Movement's Answer to the FAC (Exhibit G).

**WHEREFORE**, Movement requests that the above action pending before the Superior Court of the State of California for the County of Orange be removed to the United States District Court for the Central District of California.

Dated: July 24, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By [signature]

KEVIN P. JACKSON

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC