# EXHIBIT A

# EXHIBIT A

1   Scott B. Cooper (State Bar No. 174520)
    **THE COOPER LAW FIRM, P.C.**
2   2030 Main Street, Suite 1300
    Irvine, California 92614
3   Telephone: (949) 724-9200
    Facsimile: (949) 724-9255
4

5   [Counsel of Record Continued on Next Page]

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ORANGE

10  ERICA HART, individually and on behalf      Case No. 30-2014-00718908-CU-OE-CXC
    of all others similarly situated and on behalf
11  of the general public,                              Judge Robert J. Moss
                                                **CLASS ACTION AND COLLECTIVE ACTION
12                          Plaintiffs,         COMPLAINT FOR**

13  v.                                          1. **Violations of the Fair Labor Standards Act**
                                                2. **Failure to Pay Overtime Wages**
14  MOVEMENT MORTGAGE, LLC, a                   3. **Failure to Provide Meal Periods or
    Delaware Limited Liability Corporation; and    Compensation in Lieu Thereof**
15  DOES 1 through 10, inclusive,               4. **Failure to Provide Rest Periods or
                                                   Compensation in Lieu Thereof**
16                          Defendants.         5. **Failure to Pay Accrued Vacation**
                                                6. **Failure to Pay Wages of Terminated or
17                                                 Resigned Employees**
                                                7. **Knowing and Intentional Failure to Comply
18                                                 With Itemized Employee Wage Statement
                                                   Provisions**
19                                              8. **Violations of the California Unfair
                                                   Competition Law**
20

21                                              **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**04/25/2014** at 01:13:18 PM
Clerk of the Superior Court
By Marion Hernandez, Deputy Clerk

---

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Roger Carter (State Bar No. 140196)
2  **THE CARTER LAW FIRM**
   2030 Main Street, Suite 1300
3  Irvine, California 92614
   Telephone:  (949) 260-4737
4  Facsimile:  (949) 260-4754

5  Marc Phelps (State Bar No. 237036)
6  **THE PHELPS LAW GROUP**
   2030 Main Street, Suite 1300
7  Irvine, California 92614
   Telephone: (949) 260-9111
8  Facsimile: (949) 260-4754

9

10  Attorneys for Plaintiff ERICA HART

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ERICA HART on behalf of herself and all others similarly situated, complain of
Defendants, and each of them, and for causes of action allege:

## I.

## INTRODUCTION AND CERTAIN DEFINITONS

1.      This is an action for violation of federal and state wage and hour laws by and on behalf of employees of Movement Mortgage, LLC ("Defendant" or "Movement Mortgage") who work in job positions known as "Transaction Coordinators" or "Loan Officer Assistants" or equivalent positions (the "Class Members"). Defendant has violated California and federal labor laws by, among other acts and omissions, failing to pay the Class Members at overtime rates for overtime hours worked. Defendant has also, with respect to those Class Members in California, failed to provide them with meal and rest periods or premium pay in lieu thereof, and operated an illegal "use it or lose it" vacation policy under which Class Members were not paid for accrued vacation.

2.      In this pleading, the term "Covered Employees " means all persons who have been, are, or in the future will be employed by Defendant nationwide in any job whose title is or was referred by Defendant as "Transaction Coordinator" or "Loan Officer Assistant," or their equivalents, and who are and were employed during the period of time covered by the statute of limitations applicable to the particular claims for relief alleged below, including periods of time during which the statute of limitations was or may have been tolled or suspended.

3.      In this pleading, "Defendants" means Defendant, as well as defendants DOES 1-10, and each of them, and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears.

4.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof or persuasion. Plaintiff reserves all rights to plead in the alternative.

///

///

///

///

1

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## II.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all causes of action asserted herein because facts giving rise to the causes of action stated herein arose in California and Plaintiff is alleging claims based on violations of California labor law.  Venue is proper in this judicial district, pursuant to Code of Civil Procedure §395.  Defendants' actionable and unlawful employment practices complained herein occurred in California.

6.      Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395 and 395.5.  On information and belief, Defendants operate and are doing business at various locations throughout California, including in Orange County, and each defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendants employ Class Members in California and in Orange County.

## III.

## PARTIES

7.      Defendant Movement Mortgage LLC is a Delaware limited liability corporation. Defendant does business in California, and in Orange County.

8.      Defendant is a privately held mortgage bank that employs over one thousand mortgage professionals and operates locations throughout the nation, including in Orange County, California.  Defendant has been named the fastest growing mortgage bank in America.

9.      Plaintiff Erica Hart, was, within the statute of limitations period, a Covered Employee employed by Defendants in California.

10.      Plaintiff is informed and believes and thereon alleges that all times relevant to this action, the named Defendant and defendant DOES 1 through 10 were affiliated and were an integrated enterprise.

11.      Plaintiff is unaware of the true names of defendants DOES 1 through 10.  Said defendants are used by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names and capabilities are

2

1   ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by

2   Court.

3        12.   Plaintiff is informed and believes and thereon alleges that at all relevant times each

4   defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the

5   other Covered Employees, and exercised control over the wages, hours, and working conditions of

6   Plaintiff and the other Covered Employees.  Plaintiff is informed and believes and thereon alleges

7   that, at all relevant times, each defendant was the principal, agent, partner, joint venture, officer,

8   director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

9   and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or

10  all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some

11  or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged

12  below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to

13  and within the scope of the relationships alleged above, that each defendant knew or should have

14  known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct

15  of all other Defendants.

16                                     III.

17                          **BACKGROUND FACTS**

18       13.   Covered Employees' duties were to process loans, shuttling them through various

19  mandated administrative stages prior to stamping them "closed."  Defendant's business model is

20  based upon efficient and predictable servicing of its loans; each loan is set up with a clear to close

21  "CTC" date that is just seven business days after an application is uploaded to the system.

22  Accordingly, Defendant requires detail oriented and streamlined procedures that Covered

23  Employees are to follow in order to achieve maximum efficiency.  These procedures effectively

24  strip all discretion and independent judgment from Covered Employees' jobs.

25       14.   Class Members were classified as non-exempt from overtime but were paid on a

26  salaried basis ("salaried non-exempt").  Plaintiff and other Covered Employees earned a flat salary

27  that was consistent from pay period to pay period, and did not receive pay at overtime rates, even

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  though they consistently worked far more than 40 hours per week.  Plaintiff, for example, worked
2  about 50 hours per week.
3          15.      Covered Employees earned a bonus whenever the office closed a loan.  These
4  bonuses were not discretionary, as they were not based on the work of the Covered Employee who
5  closed the loan, but were given to everyone in the office when a loan closed.
6                                                    IV.
7                          FLSA COLLECTIVE ACTION ALLEGATIONS
8          16.      Plaintiff brings the First Claim for Relief, for violations of the Fair Labor Standards
9  Act ("FLSA,") as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 2016(b) on
10  behalf of all persons who were, are or will be employed by Defendants or any of them, on or after
11  the date that is three years before the filing of the complaint in this case (the "FLSA Class Period")
12  in the job positions known as "Transaction Coordinators" or "Loan Officer Assistants" or any
13  equivalent titles.
14          17.      At all relevant times, Plaintiff and the other Covered Employees are and have been
15  similarly situated, have had substantially similar job requirements and pay provisions, and have
16  been subject to Defendants' common practices, policies, programs, procedures, procedures,
17  protocols and plains of willfully failing and refusing to pay them at the legally required time-and-a-
18  half rates for work in excess of forty (40) hours per workweek, willfully failing to keep records
19  required by the FLSA, and willfully failing and refusing the pay them at overtime rates. The claims
20  of Plaintiff stated herein are similar to those of the other Covered Employees.  Consequently, class
21  certification is proper under Fed. R. Civ. P., Rules 23(b)(3) and 29 U.S.C. § 216(b).
22          18.      The First Claim for Relief is properly brought and maintained as an opt-in collective
23  action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).  The Covered Employees are
24  readily ascertainable.  For purposes of notice and other purposes related to this action, their names
25  and addresses are readily available from Defendant.  Notice can be provided to the Covered
26  Employees via first class mail to the last address known to their employer.
27  ///
28  ///

4

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

V.

## CLASS ACTION ALLEGATIONS FOR CALIFORNIA LAW CLAIMS

19.     Plaintiff brings the California law claims for relief on behalf of herself and on behalf of the class of all persons similarly situated.  Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who have been, are, or in the future will be employed by Defendants in California in any job whose title is or was referred by Defendants as "Transaction Coordinators" or "Loan Officer Assistants" or their equivalents, and who are and were employed during the period of time covered by the statute of limitations applicable to the particular claims for relief alleged below, including periods of time during which the statute of limitations was or may have been tolled or suspended (the "California Class" or "California Class Members").

20.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed California Class is easily ascertainable.

21.     The questions of law or fact common to the California Class predominate over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy.

22.     There is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable.

23.     Numerosity: The class is so numerous that individual joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that it is fifty people or more.

24.     Common Questions Predominate: Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

> (a)     Whether Defendants violated the California law by failing to pay overtime compensation to the California Class Members who worked in excess of 40 hours per workweek;

5

(b)  Whether Defendants are and were subject to, and violated, overtime requirements contained in the California IWC Wage Orders and other California law with respect to the Covered Employees in California by failing to pay overtime compensation to the Covered Employees who worked in excess of 8 hours per day or 40 hours per workweek;

(c)  Whether Defendants failed to pay overtime compensation to the Covered Employees in California at the proper overtime rates, due to the fact that they did not factor non-discretionary bonuses into the regular rate of pay for purposes of computing overtime rates;

(d)  Whether Defendants violated Labor Code section 227.3 by failing to pay Covered Employees in California for accrued, unused vacation time;

(e)  Whether Defendants violated Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide a meal period to non-exempt Class Members on days they worked work periods in excess of five hours within the first five hours of work and failing to compensate said employees one hour's wages in lieu of meal periods;

(f)  Whether Defendants violated Labor Code § 226.7 and section 12 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide daily rest periods to non-exempt Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

(g)  Whether Defendants violated California law by their policies, programs, practices, procedures, protocols, routines, and rules regarding furnishing or not furnishing to the class members accurate itemized statements required by Labor Code section 226 upon each payment of wages;

6

(h)    Whether Defendants are liable to the Covered Employees for failure to timely pay wages at the time of separation as required by Labor Code section 203;

(i)    Whether Defendants, by their policies, programs, practices, procedures, protocols, routines, rules referred to in this complaint committed unlawful business practices within the meaning of California Business & Professions Code sections 17200 *et. seq.* by failing to pay overtime to Class Members, failing to provide compensation for accrued, unused vacation time, failing to provide meal and rest periods without compensating Class Members one hour's pay for every day such periods were not provided, failing to provide Class Members with accurate itemized pay statements, failing to pay wages due at the time a Class Member's employment with Defendants terminated, and failing to keep accurate records.

25.    Typicality: Plaintiff's claims are typical of the claims of the Covered Employees. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, protocols, routines, and rules referred to in this claim for relief, which were applied to other class members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

26.    Adequacy: Plaintiff is able fairly and adequately to protect the interests of all members of the class. The attorneys for Plaintiff and the potential class are qualified and competent and very experienced in class action litigation. Plaintiff is not disqualified by interests antagonistic to the remainder of the class.

27.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the

7

1    losses, injuries and damages suffered by each of the individual class members are small in the sense

2    pertinent to class action analysis, the expenses and burden of individual litigation would make it

3    extremely difficult or impossible for the individual class member to address to wrongs done to

4    them. On the other hand, important public interests will be served by addressing the matter as a

5    class action. The cost to the court system and the public of adjudication of individual litigation and

6    claims would be very substantial, and substantially more than if the claims are treated as class

7    action. Individual litigation and claims would also present the potential for inconsistent or

8    contradictory results. The issues in this action can be decided by means of common, class-wide

9    proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently

10   manage this action as a class action.

11        28.    <u>Public Policy Considerations:</u> Defendants and other employers throughout the state

12   routinely violate wage and hour laws. Their current employees are often afraid to assert their rights

13   out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims

14   because doing so can harm their employment and future employment and future efforts to secure

15   employment. Class actions provide class members who are not named in the complaint a degree of

16   anonymity that allows for vindication of their rights while eliminating these risks, or at least

17   enormously reducing them.

18                        **FIRST CLAIM FOR RELIEF**

19        **(Against All Defendants for FLSA Overtime and Record Keeping Violations)**

20        29.    Plaintiff incorporates paragraphs 1 through 28 above.

21        30.    At all relevant times, each Defendant has been, and continues to be, an employer

22   engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant

23   times, each Defendant has employed, and continues to employ the Covered Employees as

24   employee[s] within the meaning of the FLSA. At all relevant times, each Defendant has had gross

25   operating revenues in excess of $500,000.

26        31.    Throughout the FLSA Class Period, Plaintiff and the other Covered Employees

27   regularly worked in excess of forty (40) hours per workweek, and continue to do so.

28

8

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

32.     At all relevant times, each Defendant has had, and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA. Defendants willfully refused to pay the Covered Employees overtime even though they required work in excess for 40 hours per week and were aware that the Covered Employees were routinely working such hours.

33.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the other Covered Employees at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

34.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep, and preserve accurate records by the FLSA with respect to Plaintiff and the other Covered Employees, including records sufficient to accurately determine the wages and hours of employment pertaining to plaintiffs and the other Covered Employees.

35.     Plaintiff and the Covered Employees seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs of action, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for Failure to Pay Overtime Wages in
### Violation of California Labor Code §1194)

36.     Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 35 as though set forth fully herein.

37.     Pursuant to California Labor Code section 1194, Plaintiff may bring a civil action for overtime wages directly against the employer in Plaintiff's name without first filing a claim with the Division of Labor Standards Enforcement. Further, such private class actions have the support and approval of the Division of Labor Standards Enforcement.

9

38.     Pursuant to California Labor Code section 501, 515, 550, 551, 552, 558, 1174, 1194, 1197 and 1198, among other applicable sections, it is unlawful to employ persons for longer than the hours set by the Industrial Wage Commission or under conditions prohibited by the applicable Industrial Wage Orders.

39.     At all times relevant hereto, Industrial Wage Commission Wage Orders No. 7-89, 7-98, 7-00 and/or 7-01 provided for payment of overtime wages equal to one and a half times an employee's regular rate of pay for all hours worked over forty hours in a work week and/or eight hours per day and/ or double time rates. Pursuant to California Labor Code sections 201, 202, 203, 226, 510, 515, 550, 551, 552, 558, 1194, 1174, 1197 and 1198 wages must be paid forthwith.

40. .    Defendants have unfairly and/or willfully avoided payment of overtime wages and other benefits in violation of the California Labor Code and the Orders issued by the Industrial Welfare Commission.

41.     During their employment with Defendants, Plaintiff and Class Members were expected and required to work more than forty hours per week to do their work in a manner that Defendants expected, and to meet Defendants' seven business day CTC requirement.

42.     Furthermore, Plaintiff and Class Members were regularly and customarily scheduled to and required to work more than eight hours per day or forty hours per week without overtime pay in violation of the California Labor Code and Industrial Wage Orders.  In the rare event that a Class Member received any overtime pay, that pay was not paid at the proper overtime rate due to Defendants' practice of failing to compute non-discretionary bonuses into the regular rate of pay of the respective Class Members.

43.     Plaintiff is informed and believes and based thereon alleges that Defendants failed to retain the records of hours worked by Plaintiff and Class Members. Defendants' failure to retain the records of hours worked by Plaintiff and Class Members is unfair, willful and deliberate, and designed to serve the policy of unlawfully denying overtime compensation to the Class Members.

44.     Under the provisions of the California Labor Code and the applicable Wage Orders issued by the Industrial Wage Commission of California, Plaintiff and Class Members should have received overtime wages in a sum according to proof for the hours they worked.

10

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

45.     As a proximate result of the unlawful acts of Defendant, Plaintiff and the Class Members have been damaged in an amount according to proof at the time of trial, and are entitled to attorney's fees and costs, under Labor Code §§1194 and 1197.1. Plaintiffs and the Class Members are further entitled to recover $100 each of each initial pay period that they were paid less than the minimum wage, and $250 for each subsequent pay period that they were so underpaid.

### THIRD CLAIM FOR RELIEF

### (Against All Defendants for Failure to Provide Meal Periods or Compensation in Lieu Thereof)

46.     Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 45 as though set forth fully herein.

47.     Defendants have a policy and practice of failing to provide lawful duty-free and timely meal periods due, in part, to the rushed and high pressure working environment fostered by Defendants, during the liability period on which non-exempt Class Members work(ed)/work periods in excess of five hours, and Defendants failed to provide compensation in lieu thereof.

48.     By failing to provide meal periods on the days non-exempt Class Members worked periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.*

49.     Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods.

50.     By failing to keep adequate records as required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due Plaintiff and Class Members.

51.     As a result of the unlawful acts of Defendants, Plaintiff and the Class Members she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and

---

11

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

2   costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

3        52.    WHEREFORE, Plaintiff and the Class Members she seeks to represent request relief

4   as described herein and below.

5                        **FOURTH CLAIM FOR RELIEF**

6    **(Against all Defendants for Failure to Provide Rest Periods or Compensation in Lieu**

7                              **Thereof)**

8        53.    Plaintiff hereby incorporates and re-alleges each and every allegation contained in

9   paragraphs 1 through 52 as though set forth fully herein.

10       54.    On information and belief, during the rest period liability period, Defendants did not

11   permit or authorize Plaintiff and the Class Members to take rest periods.

12       55.    By their failure to provide rest periods for every four hours or major fraction thereof

13   worked per day by non-exempt Class Members, and failing to provide compensation for such un-

14   provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code

15   section 226.7 and section 12 of the IWC Wage Orders.

16       56.    Plaintiff and the Class Members she seeks to represent did not voluntarily or

17   willfully waive rest periods.

18       57.    By failing to keep adequate records as required by sections 226 and 1174(d) of the

19   Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate

20   the unpaid rest period compensation (including wages, interest, and penalties thereon) due Plaintiff

21   and Class Members.

22       58.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members she

23   seeks to represent have been deprived of compensation in amounts to be determined at trial, and are

24   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

25   under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

26       59.    WHEREFORE, Plaintiff and the Class Members she seeks to represent request relief

27   as described herein and below.

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### FIFTH CLAIM FOR RELIEF

**(Against all Defendants for Failure to Pay Vacation Pay in Violation of Labor Code Section 227.3)**

60.     Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 59 as though set forth fully herein.

61.     Defendants maintained a policy by which departing employees receiving any of their earned, accrued vacation pay was contingent upon later-imposed requirements, including having worked at least nine months for the Company and giving a two weeks' notice of their intent to separate from employment.

62.     Therefore, Defendants have willfully failed to pay vacation wages due to many of the Class Members who terminated or quit their job at Movement Mortgage.  Specifically, Defendants did not pay each Class Member for vacation days that had been accrued where those Class Members either (a) had not been employed for at least nine months and/or (b) did not give at least two weeks' notice of their intent to separate from employment.

63.     Wherefore, Plaintiff and the affected Class Members she seeks to represent request relief as described herein and below.

### SIXTH CLAIM FOR RELIEF

**(Against All Defendants for Failure to Pay All Wages Upon Ending of Employment)**

64     Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 63 as though set forth fully herein.

65.     Plaintiff and many of the other Covered Employees quit or were discharged from their employment within the statute of limitations period applicable to this claim for relief, and others will be.

66.     However, Defendants failed, and continue to fail to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this complaint, nor were they paid the other unpaid wages referred to in this complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

13

67.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of 30 days wages for each employee. Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this complaint, each of said employees is entitled to 30 days wages.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants, for Failure to Furnish Itemized Statements, in Violation of California Labor Code § 226)

68.     Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 67 as though set forth fully herein.

69.     Throughout the period applicable to this claim for relief, Defendants intentionally failed and continue to fail to furnish to Plaintiff and the other Covered Employees, upon each payment of wages, itemized statements accurately showing: total hours worked including those at overtime rates of pay, meal period penalty pay, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

70.     Plaintiff and the other Covered Employees were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime or for meal and rest break premiums, even though they were so entitled.  These failures also hindered them from determining the amounts of overtime wages and premium pay owed to them.

71.     Plaintiff and the other Covered Employees are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants, for Violation of California Business and Professions Code 17200 *et. seq.*)

72.     Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 71 as though set forth fully herein.

14

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

73. Plaintiff brings this action on behalf of each and all members of the general public, including the Covered Employees and Plaintiffs themselves, pursuant to Business and Professions Code sections 17200 *et. seq.*

74. Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*

75. Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this claim for relief, Plaintiff and the other Covered Employees are entitled to restitution for at least the following: restitution for the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

76. Plaintiff and the other Covered Employees and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

77. Defendants are also liable to pay attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of the Class;

3. That the attorneys of record for Plaintiff whose names appear on this Complaint be appointed class counsel;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

15

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

7.    That Defendants be ordered and enjoined to make restitution to the Class Members due to their unfair competition, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.    That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

9.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

10.   That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.   For premium pay, wages, and penalties pursuant to Labor Code § 203;

12.   For unpaid wages at overtime rates for all overtime work, and unpaid wages for all work for which they were not paid, including minimum wages;

13.   For liquidated damages as authorized by FLSA;

14.   For actual damages or penalties pursuant to Labor Code § 226;

15.   For compensation pursuant to Labor Code § 226.7;

16.   For attorneys' fees, interest, and costs of suit; and

17.   For such other and further relief as the Court deems just and proper.

Dated:  April 25, 2014              THE PHELPS LAW GROUP

By: _____
    Marc Phelps
    Counsel for Plaintiff

///
///
///
///
///

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated:  April 25, 2014

**THE PHELPS LAW GROUP**

By: _____

Marc Phelps
Counsel for Plaintiff

17

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 04/29/2014                    TIME: 10:53:00 AM          DEPT: CX102

JUDICIAL OFFICER PRESIDING: Robert J. Moss
CLERK: Betsy Zuanich
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2014-00718908-CU-OE-CXC** CASE INIT.DATE: 04/25/2014
CASE TITLE: **Hart vs. Movement Mortgage, LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71942864
EVENT TYPE: Chambers Work

**APPEARANCES**

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within ten (10) calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Case Management Conference is scheduled for 06/30/2014 at 08:30 AM in Department CX102.

Plaintiff shall, at least five (5) court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Plaintiff shall serve the attached Case Management Conference Order on all parties. A copy of the

CASE TITLE: Hart vs. Movement Mortgage, LLC          CASE NO: **30-2014-00718908-CU-OE-CXC**

order is posted on the Court's website under "Complex Civil Calendar Information – Dept. CX102." Plaintiff shall also serve the "Complex Civil Guidelines" with the summons and complaint. The guidelines are posted on the Court's website.

Clerk to give notice to counsel for plaintiff and counsel for plaintiff to give notice to all other parties.

DATE: 04/29/2014                MINUTE ORDER                Page 2
DEPT: CX102                                                 Calendar No.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CIVIL COMPLEX CENTER

CASE NO. 30-_____

Honorable ROBERT J. MOSS
Department CX-102

INITIAL CASE MANAGEMENT ORDER

An initial Case Management Conference is set on _____
at _____ A.M. in Department CX-102 Complex Civil Courthouse, located at 751 West Santa Ana Boulevard, Santa Ana, California, 92701. (657) 622-5302.

Stay. To facilitate the orderly conduct of discovery and motions brought before this court, **no motions may be filed prior to the Initial Case Management Conference and all discovery is stayed.** However, to the extent that a defendant wishes to file a first response other than an answer, Defendant is instructed to file a "Notice of [Special] Appearance and Intent to File [title of motion]," as the defendant's first appearance, or special appearance, as the case may be. If due to unique case exigencies or for other good cause counsel wish to file any motion during the period of the brief stay described above, counsel may seek leave, by filing an ex parte application. Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure §170.6.

Initial Case Management Conference. **Counsel for all parties are ordered to personally attend the Initial Case Management Conference.** Pursuant to Code of

(

Civil Procedure §367.5(c), and California Rule of Court 3.670(e), this Court determines with respect to this complex litigation that personal appearance by counsel at the Initial Case Management Conference will materially assist in the effective management of the case.  If any counsel wishes the court to make an exception, for good cause, a request may be made by telephonic request to the courtroom clerk, or by ex parte application, stating grounds for requesting an exception. After the Initial case Management Conference counsel who are managing the litigation, and who are able to make decisions regarding discovery and briefing of legal issues, shall attend all subsequent Status Conferences personally, or by *Court Call*.  For these **subsequent Status Conferences,** counsel shall file a brief **Joint Status Conference Statement** <u>five calendar days</u> **before hearing.**

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics.  Additionally, counsel shall be prepared to discuss these issues with this court at the Initial Case Management Conference.

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of judicial recusal or disqualification;
4. Issues of law that, if considered by the court, may simplify or foster resolution of the case;
5. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
6. A plan for preservation of evidence;
7. A plan for disclosure and discovery;
8. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
9. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
10. Procedures for the drafting of a Case Management Order, if appropriate;
11. Any issues involving the protection of evidence and confidentiality;

Counsel for plaintiff is to take the lead in preparing a **Joint Initial Case Management Conference Report to be filed <u>five court days</u>** prior to the Initial

Status Conference.  The Joint Initial Case Management Conference Report is to include the following:

1.  A list of all parties and counsel;
2.  A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3.  An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4.  Service lists and procedures for efficient service filing;
5.  Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;
6.  Applicability and enforceability of arbitration clauses;
7.  A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8.  A description of core factual and legal issues;
9.  A description of legal issues that, if decided by the court, may simplify or further resolution of the case;
10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties.
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately.

<u>E-Filing and E-Service</u>.  Pursuant to Local Rule of Court 352, all filings in the Complex Civil Court shall be by e-filing. Further, pursuant to California Rule of Court 2.253(a)(1)(2) and CCP section 1010.6, the Court Orders that all service be made by e-service, subject to the exception, based upon a proper showing, that it would pose an undue hardship on a party.

<u>Related Cases</u>.  Counsel are reminded of their responsibility to file a timely Notice of Related Case *pursuant* to California Rule of Court 3.300(b)(f).  Related cases include cases pending in other counties and in federal court. *(See* CRC 3.300(b).)* These rules establish a duty that continues throughout the course of the litigation.

1    *(See,* e.g., CRC 3.300(f).)  Further information on Department CX-102 and/or the
2    Complex Civil Panel  may be obtained from www.occourts.org

3

4    SO **ORDERED:**

5

6    Robert J. Moss
7    Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26       Rev. (01/08/14)

27

28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

SHORT TITLE: Hart vs. Movement Mortgage, LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2014-00718908-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below. This mailing and this certification occurred at Santa Ana, California on 04/29/2014

Clerk of the Court, by: _Marich_ _____ , Deputy

THE CARTER LAW FIRM
2030 MAIN STREET # 1300
IRVINE, CA 92614

THE PHELPS LAW GROUP
2030 MAIN STREET # 1300
IRVINE, CA 92614

THE COOPER LAW FIRM, P.C.
2030 MAIN STREET # 1300
IRVINE, CA 92614-7220

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Marc H. Phelps, Esq. SBN 237036 THE PHELPS LAW GROUP<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |

TELEPHONE NO.: 949.260.4735      FAX NO.: 949.260.4754
ATTORNEY FOR (Name): Plaintiff ERICA HART

**04/25/2014** at 01:13:16 PM
Clerk of the Superior Court
By Marion Hernandez, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
ERICA HART v. MOVEMENT MORTGAGE, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2014-00718908-CU-OE-CXC |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Robert J. Moss<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (*not specified above*) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties      d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (*check all that apply*): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action (*specify*): Eight
**5.** This case [X] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: April 25, 2014

Marc H. Phelps
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

☑ *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.*



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*.  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

II. **Initial Case Management Conference:**

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

III. **Case Management Conference and Status Conference Statements:**

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as*

2

*complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible. To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided. The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings. A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

3

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances**: In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## V. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VI. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and     resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial**

**Conference is not a substitute for the Issues Conference required by Local Rule 317.**

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. Use of the Court's Evidence Presentation Systems

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the

5

use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

### X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine.* It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day

6

trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4[th] 669,671.

## APPENDIX 1
### California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

7

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. May 4, 2010)

| ADR NEUTRAL NAME, ADDRESS, TELEPHONE, FAX AND EMAIL: | *For Court Use Only* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana CA 92701-4512
☐ Harbor – Newport Beach Facility -- 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) COMPLETION REPORT**<br><br>☐ Mediation    ☐ Neutral Evaluation | CASE NUMBER: |
|---|---|

**(Attention Neutral: This report must be filed with the Court and a copy mailed to all parties within 10 days of completing the ADR session.)**

1.  The ADR session took place on (*date(s)*): _____ for a total of _____ hours.

2.  The ADR process ended or resulted in (*check one*):

    a.  ☐ Full   ☐ Partial   settlement. The stipulation or dismissal(s) of the case is attached to this report.

    b.  ☐ Full agreement as to certain issues.

    c.  ☐ Non agreement.

3.  [ ]  The session did not take place because:

    ☐ A party who was required to appear at the ADR session did not appear.

    ☐ A party failed to pay the initial deposit of fees required.

    ☐ Other reason (*please specify without disclosing any confidential information*):

    _____

    _____

Date:_____          _____
                                        (SIGNATURE OF NEUTRAL)

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
COMPLETION REPORT**

Adopted for Mandatory Use
L-2756 (Revised 4-2014)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. April 2013)                                                                 Page 2 of 4

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $200 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                  Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
           ☐ Under section 1141.11 of the Code of Civil Procedure
           ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                   (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)

California Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**NEUTRAL SELECTION AND PARTY LIST**<br><br>☐ Arbitration   ☐ Mediation   ☐ Neutral Evaluation | CASE NUMBER: |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION, AND FILE IT WITH THE COURT.)**

### ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2740 (Rev. 4-14)

www.occourts.org

| Short Title: | Case Number: |
|---|---|

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ 2._____ 3._____ 4._____

Attorney and Firm Name:_____

Mailing Address:_____ City_____ ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____ City_____ ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____ City_____ ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____ City_____ ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2178 (Rev. July 2013)

www.occourts.org

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|

Telephone No.:                          Fax No. (Optional):

E-Mail Address (Optional):

ATTORNEY FOR *(Name):*                  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

JUSTICE CENTER:

☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045

☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512

☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595

☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)

        ☐ Under section 1141.11 of the Code of Civil Procedure

        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____    _____

                       (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____    _____

                       (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221

L1270 (Rev. 4-14)